UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
VLADIMIR KESSELMAN,

                    Plaintiff,                                  <u>ORDER</u>
                                                                            01-CV-7003 (NGG) (RML)

– against –

THE CITY OF NEW YORK, NEW YORK CITY
POLICE OFFICER ANIBAL MARTINEZ, SHIELD
No. 8606, and NEW YORK CITY POLICE
COMMISSIONER BERNARD KERIK,

                    Defendants.
----------------------------------------------------------------X
GARAUFIS, United States District Judge.

      Pro se plaintiff Vladimir Keselman has moved pursuant to Fed. R. Civ. P. 52(b), 59(a), 59(e) and Local Civil Rule 6.3 for reconsideration of this court's Memorandum and Order (M&O) dated March 10, 2005, in which this court granted the defendants' motion for summary judgment as to Keselman's federal claims, dismissed his pendent state law claims, and denied his motion to amend the complaint. Keselman's motions are denied for the reasons that follow below.

      Keselman's attempt to move pursuant to Rule 52(b) is misplaced. Rule 52 allows a court to amend any findings of fact made by the court in an action tried "without a jury or with an advisory jury." It is axiomatic that a summary judgment court does not make findings of fact, but rather decides, upon viewing the admissible evidence presented by the parties in the light most

1

favorable to the non-moving party, whether any genuine issue of material fact exists requiring trial by a jury, or where the jury trial right is waived, by the court. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255-56 (1986). Therefore, this court has not made any findings of fact which could be amended here.

Relief is also unavailable under Rule 59(a), which empowers the District Courts to grant a new trial. No trial has been conducted in this case; accordingly this motion for a new trial is inapposite.

Finally, Keselman's motions under Rule 59(e) and Local Civil Rule 6.3 are denied because Keselman has not identified any issues of law or fact that require a different outcome in this case. Motions for reconsideration submitted pursuant to these rules are analyzed under a single, uniform standard. Dellefave v. Access Temps., Inc., 2001 U.S. Dist. LEXIS 3165, No. 99 Civ. 6098, 2001 WL 286771, at *2 (S.D.N.Y. Mar. 22, 2001). A motion for reconsideration may be granted only on the grounds that the Court overlooked (1) factual matters that were put before it on the underlying motion or (2) controlling legal authority. See Fed. R. Civ. P. 59(e); Local Rule 6.3; Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000). A motion for reconsideration "is not simply a second opportunity for the movant to advance arguments already rejected." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995). Rather, such a motion may be granted only in "extraordinary circumstances," United States v. Bank of New York, 14 F.3d 756, 759 (2d Cir. 1994), such as to "correct a clear error or prevent manifest injustice." Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983).

With these governing standards in mind, it is clear that Keselman's motion must be

denied. Keselman's motion simply rehashes the arguments presented to the court in his original opposition papers and in his objections to Magistrate Judge Levy's Report and Recommendation. In doing so, he provides no argument based in law or fact which would require this court to overturn its earlier conclusions that: (1) Martinez is entitled to interpose qualified immunity against Keselman's constitutional claims; (2) Keselman failed to meet his burden of showing that there is a genuine issue of material fact with respect to the liability of the City of New York or any of its employees acting in their official capacities under a Monell theory; or (3) that the claims Keselman would have raised in his proposed amended complaint were insufficiently supported to survive summary judgment. This court therefore reaffirms its conclusions in the M&O on these points.

This court also reaffirms its statement that Keselman "did not specifically object to Judge Levy's recommendations regarding his claims against the Police Commissioner individually." (M&O at 13, n.2). As Judge Levy explained, a plaintiff seeking to recover damages against a municipal officer sued in his or her individual capacity must "allege the defendant's direct or personal involvement in the alleged constitutional deprivation." (R&R at 17, citing Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (emphasis added)). Nothing in any of Keselman's submissions, let alone in the section of the objections to the R&R now cited by Keselman, could be construed as a reasoned objection to Judge Levy's conclusion that Kesselman failed to establish the existence of a genuine issue of material fact with respect to Bernard Kerik's personal involvement in the events at issue in this suit.

Because Keselman has not identified any substantial issue of law or fact that was overlooked by this court in its earlier decision, the instant motion for reconsideration of this

court's grant of summary judgment to the defendants is denied.


SO ORDERED.


Dated: April 26, 2005                         _____/s/_____
       Brooklyn, N.Y.                         Nicholas G. Garaufis
                                              United States District Judge